**UNITED STATES of America**

**v.**

**Andrew Steven PARDUE.**

**No. 71–239–Cr–J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

March 15, 1972.

John J. Daley, Jr., Asst. U. S. Atty., Jacksonville, Fla., for plaintiff.

M. C. Mykel, Atlanta, Ga., for defendant.

## ORDER OF COURT

CLARY, Senior Judge.

The defendant in the above captioned case, Andrew Steven Pardue, has come before this Court charged with a violation of Title 50, Appendix, United States Code, Section 462, i. e., refusal to submit to induction into the Armed Forces. The defendant's Selective Service (hereinafter S.S.) File having been received into evidence, the arguments of both counsel having been heard and the Court having carefully reviewed and consid-

ered all of the foregoing, the Court finds as follows:

1. The defendant, Andrew Steven Pardue, has been indicted for failing to submit to induction into the Armed Forces in violation of 50 App. U.S.C.A. § 462. It has been stipulated by the parties hereto, and the Court so finds, that the defendant did on the 15th of June 1971, at the AFEES in Jacksonville, Florida, disobey his local board's order by refusing to be inducted into the Armed Forces. Having so found, the defendant must be found guilty as charged unless it be shown that the local board's order to submit to induction was invalid.

2. On January 11, 1971, the defendant's draft board, local board #67, Brunswick, Georgia, received a letter from the state headquarters of the Selective Service System directing local board #67 to cancel Pardue's then existing induction order and reopen his classification. This action was necessitated by the local board's earlier failure to reopen Pardue's classification after receiving evidence of his conscientious objector status, said failure to reopen being in violation of Local Board Memorandum No. 111.* That same day the local board notified Pardue his induction order was cancelled and he would be reclassified at the next meeting of local board #67 on January 25, 1971. On that date the board met and reclassified the registrant 1–A by a 3–0 vote and so

informed Pardue by a letter dated January 26, 1971, which accompanied his SSS Form 110 and Form 217.

Given the reason for this reopening of Pardue's classification, i. e., his presentation of evidence supporting his CO claim, it is of cardinal importance to note that the local board gave *no* reason for denying Pardue's CO claim and making him a 1–A registrant. Neither by way of the board's minutes, the entry on Pardue's SSS Form 100 nor the notice sent to Pardue did the local board give any reason for rejecting defendant's request for a CO classification.

3. Pardue requested a personal appearance and went before the local board on March 25, 1971, with the result being a reaffirmation of his 1–A status— again without any indication of the basis for rejecting the registrant's CO claim. On review the Appeal Board classified Pardue 1–A and entered into his file the following as their reason:

"The Appeal Board Members of the Southern Federal Judicial District feel that registrant is not sincere in claiming Conscientious Objector—he was classified II–S from January 10, 1067 until September 28, 1970—he did not submit Form 150 until November 5, 1970."

Pardue received notice of this decision from his local board on May 27, 1971 and the following day received his order to report for induction on June 15, 1971. Having refused to obey that order the

* LOCAL BOARD MEMORANDUM NO. 111
  ISSUED: AUGUST 11, 1970 AS AMENDED: APRIL 23, 1971
  SUBJECT: REOPENING OF REGISTRANT'S CLASSIFICATION
  1. In the exercise of authority under Selective Service Regulations Section 1625.2 with respect to claims that are made by registrants prior to the mailing of the Order to Report for Induction (SSS Form 252), the local board will be guided by the following language of the United States Supreme Court in Mulloy v. United States, 398 U.S. 410, 416. 90 S.Ct. 1766, 1771, 26 L.Ed.2d 362 (June 15, 1970):
    "Where a registrant makes nonfrivolous allegations of facts that have not been previously considered by his (local) board, and that, if true, would be sufficient under regulation or statute to warrant granting the requested reclassification, the board must reopen the registrant's classification unless the truth of these new allegations is conclusively refuted by other reliable information in the registrant's file."
  The above quotation, it is believed, may fairly be interpreted as defining the kind of a case requiring reopening of a registrant's classification unless there is clear refutation contained in the file. Particular attention must be given to insure that local boards observe the "if true" qualification in action either to reopen or deny a reopening of a classification.

.

registrant was indicted by the grand jury on November 17, 1971, and comes now his case before this Court for adjudication.

■ 4. Pardue's defense is premised on the assertion that both the local and appeal boards erred in refusing to give him a 1–O classification as a CO; further, that the manner in which this was done in and of itself violated his rights and renders the classification illegal and invalid. It is well established law that if the defendant's procedural rights are violated or the classificatory conclusion of the Selective Service System is without a basis in fact a subsequent induction order is invalid and this Court may so declare. Estep v. United States, 327 U.S. 114, 66 S.Ct. 423, 90 L.Ed. 567 (1946); Mulloy v. United States, 398 U.S. 410, 90 S.Ct. 1766, 26 L.Ed.2d 362 (1970); United States v. Stetter, 445 F.2d 472 (1971); 50 App.U.S.C.A. § 460(b) (3). Thus, the Court undertakes the task of reviewing the SS File of Pardue to determine whether or not it will substantiate his assertions.

5. The file shows that Pardue's classification was ordered to be reopened by the Office of the State Director of the SSS because the local board had failed to consider the registrant's documentation of his entitlement to a CO classification. The local board again classified him 1–A, stating they had considered the full file, but nowhere stating a reason for denying the registrant's claim for a 1–O. A reading of those materials submitted by or in behalf of Pardue in setting forth his conscientious objector status makes it abundantly clear to this Court that a prima facie case of CO was proffered by the defendant. It is undeniable that this registrant satisfied the "prima facie case" standard set down by the Supreme Court in United States v. Seeger, 380 U.S. 163, 85 S.Ct. 850, 13 L.Ed.2d 733 (1965), as well as the more expansive test of Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970).

■ 6. Under the law of the Fifth Circuit, as stated in United States v. Stetter, 445 F.2d 472, 478 (5th Cir. 1971),

> "Having found that defendant [Pardue] met his burden of establishing before the Local Board a prima facie case for a conscientious objector exemption, we must next consider whether the record reveals a basis in fact on which this facial entitlement may be overcome. We bear in mind that once a registrant has established a prima facie case, the Local Board or State Appeal Board must rely on some affirmative evidence in the record to refute the claim. Surmise or suspicion is not enough." Helwick v. Laird, 438 F.2d 959, 963 (5th Cir. 1971).

In light of this rule of law it is of cardinal importance to recall that the local board failed to evidence in the SS File reason for rejecting Pardue's prima facie claim to a CO status. Further, while the local board may have found Pardue to be insincere there is no evidence of such a determination, much less any material in his file indicating any basis for such disbelief. The record being silent, the government asserts a finding of insincerity by the local board as the basis for this rejection. On this point the words of Judge Coleman in Kessler v. United States, 406 F.2d 151, 156 (5th Cir. 1969) clearly state the law:

> "To be precise about it, the disbelief of the Selective Service officials will not justify the rejection of a claim for conscientious objector status unless there is some affirmative evidence to support the rejection of the claimed exemption or there is something in the record which *substantially* [emphasis by Judge Coleman] blurs the picture painted by the registrant and thus casts doubt on his sincerity, Batterton v. United States, 8 Cir. 1958, 260 F.2d 233."

Given the law and the absence of any "affirmative evidence" or "something in the record" which "substantially" blurs Pardue's claim the local board's classification of the defendant as 1–A was im-

proper, lacking a basis in fact, and the subsequent induction order invalid.

7. On review the appeal board affirmed the local board's classification, stating:

"[We] feel that registrant is not sincere in claiming Conscientious Objector—he was classified II–S from January 10, 1967 until September 28, 1970—he did not submit Form 150 until November 5, 1970."

■ The Appeal Board makes a *de novo* review of the registrant's claim for a CO classification but in doing so must base its decision on the *objective facts* revealed in the registrant's file. 32 C. F.R. § 1626.24(b). The record forwarded from the local board stated no reason for their disposition of Pardue's claim for CO and the local board's mere disbelief of a registrant's sincerity can not serve as a basis-in-fact upon which to premise the rejection of the registrant's claim, unless the local board recorded that disbelief in the registrant's file. United States v. Stetter, 445 F.2d 472 (5th Cir. 1971); United States v. Abbott, 425 F.2d 910 (8th Cir. 1970). Therefore, it was incumbent upon the Appeal Board to find for itself some basis-in-fact in the record in order to classify Pardue 1–A and not 1–O.

■■ The Appeal Board stated they found Pardue insincere and cited from his record one and only one basis for so finding. That basis, that he had been II–S for over three and one-half years and only filed his Form 150 38 days after expiration of his II–S classification, is an insufficient one and leaves the Appeal Board without a basis-in-fact for its classification of Mr. Pardue. The SS File indicates the registrant was notified of his 1–A classification on September 28, 1970, requested a SS Form 150 on October 6, 1970, was mailed a SS Form 150 on October 8, 1970 and returned it to the board on November 6, 1970 fully filled out. Thus, the registrant requested his Form 150 within 10 days of being classified 1–A and returned the Form 150 within the required 30 days from the date of mailing by the local board. Under the law Pardue acted within the required time limits and in fact, could not have been granted a 1–O any earlier than September 8, 1970, when he was first classified 1–A. Under the mandate of 32 C.R.F. § 1623.2 a registrant "shall be classified in the lowest class for which he is determined to be eligible . . .", with class II–S being five classes lower than 1–O. This being the case, so long as Pardue was a student, entitled to a II–S, he was not eligible for a 1–O. Consequently the only basis for the Appeal Board's classification of Pardue as 1–A can be dismissed as being an erroneous one, if not illegal. The appeal failing to correct the local board's error, the invalidity of both the 1–A classification and the induction order resulting from it continued to exist.

8. For the reasons stated heretofore this Court finds the defendant's 1–A classification to have been without a basis-in-fact and the ensuing induction order to have been invalid. Further, though there be some question of the retroactive application of the rule laid down therein, the case of Stetter v. United States, 445 F.2d 472 (1971), clearly supports the finding of this Court:

". . . In any case where the board fails to disclose the basis for its decision, we risk blind endorsement of a mistake of law. Where it is clear that a prima facie case was established, we conclude that in conscientious objector cases, it is essential to the validity of an order to report that the board state its basis of decision and the reasons therefor, i. e., whether it has found the registrant incredible or insincere, or of bad faith, and why."

*Stetter, supra,* 445 F.2d at 482.